UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
KWAKU OKYERE BOADI,

                              Plaintiff,                        **OPINION & ORDER**

        v.                                                      22-CV-7429
                                                                       (Vitaliano, J.)
                                                                       (Marutollo, M.J.)

POLICELLA FARMS SALES, TRAIL-TRAC
TRANSPORTATION, INC., and RAFI AHMED KHAN,

                              Defendants.          x
-----------------------------------------------------------------------

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      Plaintiff Kwaku Okyere Boadi brings this diversity motor vehicle action against Defendants Policella Farms Sales ("Policella Farms"), Trail-Trac Transportation, Inc. ("Trail-Trac") and Rafi Ahmed Khan ("Mr. Khan") seeking damages for injuries arising from a motor vehicle accident on or about September 1, 2021. *See generally*, Dkt. No. 1-1.

      Currently pending before this Court is Plaintiff's Motion for Sanctions against Defendants Trail-Trac and Mr. Khan pursuant to Fed. R. Civ. P. 37(d) for failing to comply with court orders and for failing to produce a witness on their behalf for a deposition. *See* Dkt. No. 24.

      For the reasons set forth below, Plaintiff's Motion for Sanctions is **DENIED**.

### I.   Background

####     A.   Relevant Factual Background

      Plaintiff, during the relevant times, worked for non-party A Plus Produce, where his responsibilities purportedly included the unloading of trucks delivering goods to A Plus Produce's warehouse. Dkt. No. 24, at 4; Dkt. No. 24-7, at ¶¶ 2-4. On or about September 1, 2021, a delivery truck from Defendant Policella Farms arrived at a warehouse located at 8052 Preston Court, Brooklyn, N.Y. Dkt. No. 1-1, at ¶¶ 26-28; Dkt. No. 24-7, at ¶¶1-2. The delivery truck was

allegedly operated by Defendant Rafi Ahmed Khan who worked for Defendant Trail-Trac, a "trucking company most often used by [Defendant Policella Farms]" in its shipping of tomatoes to the United States. Dkt. No. 24, at 2.

According to Plaintiff, while "unloading" the truck, Mr. Khan "carelessly moved the truck" before Plaintiff "could complete the task of closing the back doors of the trailer." *Id.* The truck's movement "caused [P]laintiff's hand to be crushed against the wall of the loading dock, causing him extremely serious injuries." *Id.* Asserting that he is entitled to damages from all Defendants due to Mr. Khan's negligence, Plaintiff filed suit on December 7, 2022. *See generally* Dkt. No. 1-1, at ¶ 67.

On April 14, 2023, the Honorable Ramon E. Reyes Jr.—the then-United States Magistrate Judge assigned to pre-trial supervision—ordered all discovery (including the deposition of experts) to be completed on or before October 13, 2023. *See* Text Order dated April 14, 2024. On August 14, 2023, Defendants Trail-Trac and Mr. Khan filed, with Plaintiff's consent, a motion for an extension of the discovery deadline by ninety (90) days. Dkt. No. 15. In support, Defendants argued, *inter alia*, that while written discovery had already been exchanged, the "depositions of the defendants will need to be scheduled." *Id.* Defendants' motion was granted by Judge Reyes and the discovery deadline was extended until January 11, 2024. *See* Text Order dated August 14, 2023. On December 2, 2023, upon reassignment to the undersigned, this Court reminded the parties that "[a]ll discovery shall be completed by January 11, 2024." *See* Order dated December 2, 2023.

On December 8, 2023, Defendants Trail-Trac and Mr. Khan filed another motion for a ninety-day extension of the discovery deadline. Dkt. No. 18. In support, Defendants asserted that while Plaintiff's depositions was completed, "the depositions of defendants Trail-Trac Transport,

2

Inc. and Rafi Ahmed Khan need to be scheduled . . . ." *Id.* Defendants' motion was granted in part and denied in part and a brief extension of discovery to February 29, 2024 was ordered. *See* Text Order dated December 8, 2023. In addition, this Court noted that "THERE SHALL BE NO FURTHER EXTENSIONS OF THE DISCOVERY DEADLINE." *Id.* (capitalization in original).

On January 8, 2024, the parties filed a joint status report representing, *inter alia*, that "the deposition of defendant Trail Trac is also to be scheduled." Dkt. No. 19.

On February 2, 2024 (or 27 days before the close of discovery), the parties filed another joint status report representing, *inter alia*, that "the deposition of defendant Trail Trac is also to be scheduled." Dkt. No. 20. Acknowledging receipt of the parties' joint status report, this Court reminded that parties that all discovery must be completed by February 29, 2024 and again stated that "THERE SHALL BE NO FURTHER EXTENSIONS OF THE DISCOVERY DEADLINE." *See* Text Order dated February 2, 2024.

At 6:05 p.m. on February 29, 2024 (the day discovery was due to be completed), the parties filed a joint status report advising the Court, for the first time, that they have decided to engage in "non-binding mediation" and inquired as to whether "the court would be so kind as to indulge the parties to continue to complete all discovery in anticipation of the mediation." Dkt. No. 29. Construed as an eleventh-hour motion for an extension of the discovery deadline, this Court denied the parties' request, certified discovery as closed, and directed the parties to begin dispositive motion practice pursuant to the individual practices and rules of the assigned district judge. *See* Text Order dated February 29, 2024. In addition, the Court noted that "[t]he parties provide no explanation as to why the requested discovery (witness depositions and a liability expert report) was not sought or provided during discovery." *Id.*

### B. Plaintiff's Motion

On April 3, 2024, Plaintiff filed the instant Motion for Sanctions. Dkt. No. 24. In his Motion, Plaintiff seeks discovery sanctions pursuant to Fed. R. Civ. P. 37(d) against Defendants Trail-Trac and Mr. Khan for "their failure to produce a witness on their behalf for a deposition." *Id.* at 1. Plaintiff argues that, since April 6, 2023, his counsel repeatedly emailed the defendants and "requested dates for depositions"—none of which were "provided by Defendant Trail Trac."[1] *Id.* at 5. Additional email requests were purportedly sent to counsel for Defendants Trail-Trac and Mr. Khan on April 13, 2023, September 26, 2023, October 4, 2023, and November 6, 2023. *Id.* Plaintiff alleges that, on November 6, 2023, defendants' counsel[2] was provided with "six possible dates to conduct depositions." *Id.* Additional requests purport to have been sent by Plaintiff on January 8, 2024, January 31, 2024, February 5, 2024, February 6, 2024, and February 13, 2024.[3] Plaintiff purports that Defendants Trail-Trac and Khan failed to adequately respond to Plaintiff's repeated requests for deposition dates. *Id.*

Plaintiff thus asserts that Defendants Trail-Trac and Khan have simply failed to produce a witness who may be deposed. *Id.* Plaintiff argues that Defendants' failure to produce a witness is "greatly" prejudicial as there has been "no meaningful discovery from Trail-Trac/Khan." *Id.* at 7-8; Dkt. No. 29, at 3. As a remedy, Plaintiff requests that this Court strike Trail-Trac's answer and preclude [Defendants Trail-Trac and Mr. Khan] from "introducing any evidence on its own behalf at the trial of this action." *Id.* at 8. Plaintiff also argued that it is "entitled to a missing witness charge." *Id.*

---

[1] It remains unclear whether a response was provided to Plaintiff's counsel on Mr. Khan's behalf.
[2] The Court notes that Plaintiff's emails dated November 6, 2024 was addressed to all counsel — including counsel for Defendant Policella Farms. *See* Dkt. No. 24-9, at 6.
[3] Plaintiff also alleges that his counsel Howard Raphaelson called and left a message for counsel for Defendants Trail-Trac and Mr. Khan on February 13, 2024, February 20, 2024, and February 21, 2024. *See* Dkt. No. 24, at 6.

On April 9, 2024, Defendants Trail-Trac and Mr. Khan filed their opposition to Plaintiff's Motion for Sanctions. Dkt. No. 28. In their opposition, Defendants Trail-Trac and Mr. Khan argue that (1) Plaintiff never sought court intervention to resolve this dispute, (2) Plaintiff never properly noticed each defendant's deposition as required by Fed. R. Civ. P. 30(b)(6); and that (3) Plaintiff's motion is an untimely discovery motion. *See generally id.* First, while Defendants Trail-Trac and Mr. Khan concede that Plaintiff never "took the deposition of Rafi Khan or of a corporate representative of defendant Trail-Trac," Defendants argue that it is simply because Plaintiff failed to properly notice each Defendant as required by the Federal Rules of Civil Procedure. *Id.* at 2. Defendants Trail-Trac and Mr. Khan argue that Plaintiff erroneously relies on its occasional emails to "all counsel" requesting dates for depositions or "if depositions of defendants had been scheduled." *Id.* at 2 (quotations in original). Indeed, Defendants argue that "[n]one of these emails reference[d] or request[ed] the deposition of [Mr. Khan] or of a representative of Trail-Trac." *Id.* Defendants also assert that, "notably," Plaintiff failed to provide Defendants with a Fed. R. Civ. P. 30(b)(6) notice for the deposition of a corporate representative of Defendant Trail-Trac or a notice to take Mr. Khan's deposition—especially as "none were ever served." *Id.*

## II. **Legal Standards**

"The court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the

5

discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). *See Jackson-Lipscomb v. City of New York*, No. 17-CV-10093 (ALC) (KNF), 2019 WL 6138629, at *4 (S.D.N.Y. Oct. 7, 2019) (citing Fed. R. Civ. P. 37(d)(3)). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. *Id.* "Under Rule 37, '[c]onduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148-49 (S.D.N.Y. 2014) (internal citations omitted). "Rule 37 places the burden of proof on the disobedient party to show 'that his failure is justified or that special circumstances make an award of expenses unjust.'" *Id.*

"The imposition of sanctions under [Fed. R. Civ. P. 37(d)] 'is within the discretion of the district court.'" *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 765 (2d Cir. 1990) (citation omitted). When exercising the discretion to impose sanctions under Rule 37, courts in this circuit consider various, non-exclusive factors, including and pertinent to a party's failure to appear for the party's deposition: (1) "the willfulness of the non-compliant party or the reason for noncompliance"; (2) "the efficacy of lesser sanctions"; (3) "the duration of the period of noncompliance"; and (4) "whether the non-compliant party had been warned of the consequences of noncompliance." *S.E.C. v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013).

**III.     Discussion**

Plaintiff is not entitled to Fed. R. Civ. P. 37(d) sanctions because Plaintiff failed to properly notice depositions.

The text of Rule 37(d) of the Federal Rules of Civil Procedure is clear. It states, in relevant parts, that a court may order sanctions if "a party or a party's officer, director, or managing agent— or a person designated under Rule 30(b)(6) . . . fails, *after being served with proper notice*, to appear for the person's deposition." *See* Fed. R. Civ. P. 37(d)(1)(A)(i) (emphasis added); *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 308 (S.D.N.Y. 2019) (restating the rule). "The requirements for a proper Notice of Deposition are established by the Federal Rules of Civil Procedure." *Ward v. LeClaire*, No. 07-CV-0026 (LEK) (RFT), 2008 WL 182206, at *2 (N.D.N.Y. Jan. 15, 2008).

The party noticing a deposition must give reasonable notice to the other parties in the case by serving them with a written deposition notice. *See* Fed. R. Civ. P. 30(b)(1). The body of the deposition notice must specify: (i) the name of the party taking the deposition; (ii) the deponent's name and address, if known; (iii) the date and time of the deposition; (iv) the location of the deposition (or whether the deposition will be conducted via telephone or videoconference; (iv) how the deposition will be recorded; and—for a deposition conducted pursuant to Fed. R. Civ. P. 30(b)(6)—the topics to be covered during the deposition. *See* Fed. R. Civ. P. 30(b)(1),(3),(6).

In addition to the substantive contents of the notice, the notice must contain: (i) a proper caption, (ii) the title "Deposition Notice" or "Notice of Deposition of [NAME]"; and (iii) counsel's signature and signature block listing counsel's name, address, email address, telephone number, and any other information required by the court's local rules. *See* Fed. R. Civ. P. 7(b)(2); Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 26(g). The issuing party must then serve the deposition notice on all

parties by one of the methods outlined in Fed. R. Civ. P. 5. *See* Fed. R. Civ. P. 30(b)(1); Fed. R. Civ. P. 5.

Here, Plaintiff—as Defendants Trail-Trac and Mr. Khan correctly argued—is not entitled to sanctions pursuant to Rule 37(d) because Plaintiff failed to satisfy one of the substantive requirements promulgated by the Rule in his failure to properly notice depositions. Plaintiff appears to argue that its repeated emails to opposing counsel—reproduced as attachments at Dkt. No. 24-9—effectively served as his notice of deposition for an unidentified deponent under the control of Defendants Trail-Trac and/or for Mr. Khan. Dkt. No. 24, at 5-6; Dkt. No. 29, at 1-2. But Plaintiff fails to express whether a notice of deposition compliant with Fed. R. Civ. P. 30(b) was served on Defendants Trail-Trac and Mr. Khan.

Further, Plaintiff—as the issuing party—appears to shift the blame to Defendants Trail-Trac and Mr. Khan for their failure to timely provide suitable deposition dates. Dkt. No. 24, at 5-6; Dkt. No. 29, at 1-2. But that argument misses the mark. While the attachments submitted by Plaintiff appear to show dilatory conduct by counsel for Defendants (evidenced by Plaintiff's repeated follow-up emails), nothing in the Federal Rules of Civil Procedure required Plaintiff to delay the issuance of its notices of deposition until the deponent's availability was confirmed by its counsel. Indeed, the Rules allow a party disputing the "correctness or irregularity of [a] notice of deposition" to serve a written objection pursuant to Fed. R. Civ. P. 32(d)(1). *See Credit Suisse First Bos. Fin. Corp. v. LaMattina*, No. 05-CV-4350 (CPS) (KAM), 2005 WL 3479864, at *1 (E.D.N.Y. Dec. 20, 2005).

Therefore, Plaintiff could have served a notice of deposition containing a date and time as a placeholder that Defendants Trail-Trac and Mr. Khan would have been entitled to object to, based on deponent availability. But Plaintiff did not do so. Plaintiff could have also advised this

8

Court—as part of the parties' multiple joint status reports (Dkt. Nos. 18-20)—that Defendants Trail-Trac and Mr. Khan have been unwilling to meet and confer on suitable deposition dates, seeking court intervention.  But Plaintiff did not do so.  Instead, Plaintiff allowed the discovery period to elapse (despite the award of numerous extensions and this Court's cautions against further extension) without conducting the depositions at issue.

In light of the above, Plaintiff's assertion that it will be "greatly prejudiced" (Dkt. No. 24. at 7-8; Dkt. No. 29, at 3) is unavailing.  The Court simply cannot excuse Plaintiff for his lack of diligence in pursuing these depositions.  *See Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 46 (E.D.N.Y. 2001) ("Plaintiff delayed depositions until the 'eleventh hour'—three days prior to the discovery completion deadline, which had twice been extended—and was not diligent in obtaining discovery within the period set by the court."); *see also Century Jets Aviation LLC v. Alchemist Jet Air LLC*, No. 08-CV-9892 (GBD) (KNF), 2011 WL 724734, at *3 (S.D.N.Y. Feb. 8, 2011) ("Serving a deficient deposition notice six months prior to the deadline to complete depositions and failing to schedule a single deposition in that time period demonstrates dilatoriness, rather than diligence").  The fact that Plaintiff acknowledged, in his status reports to the Court, that the depositions remain outstanding further reveals that Plaintiff knew that he had to finalize deposition dates with Defendants Trail-Trac and Mr. Khan but chose not to do so.  *See Century Jets Aviation LLC*, 2011 WL 724734, at *3 ("In fact, the deficient notice evinces that Alchemist knew, early in the litigation, it wanted to depose Century and AC Aviation, yet it took no action to advance those depositions or seek relief from the Court until after the time for completing depositions had passed.  The Court will not condone the parties' behavior by providing additional time to engage in discovery.").

Plaintiff also repeatedly references an order requiring Defendants Trail-Trac and Mr. Khan to provide "possible dates to conduct depositions." Dkt. No. 24, at 5; *see also* Dkt. No. 31 ("The basis for the Sanctions Motion was for Defendants failure to produce witnesses which violated several Orders of the Magistrate."). But Plaintiff is clearly referencing the Case Management Order (Dkt. No. 13) governing pre-trial matters in this instant action. *See* Dkt. No. 24, at 5. Plaintiff, however, has never sought court intervention to compel Defendants Trail-Trac and Mr. Khan to produce witnesses for depositions and thus, this Court has never had the opportunity to opine on this issue.

Additionally, Plaintiff fails to provide any basis for his request that this Court strike Trail-Trac's answer and preclude [Defendants Trail-Trac and Mr. Khan] from "introducing any evidence on its own behalf at the trial of this action," while also finding that he is entitled to a "missing witness charge." *Id.* at 8. Indeed, in light of the conduct outlined above, such sanctions are not available to Plaintiff. The sanctions of striking pleadings and dismissal are the most extreme sanctions available. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Dismissal is appropriate "only where the noncompliance is due to willfulness, bad faith, fault or gross negligence rather than inability to comply or mere oversight." *Hochberg v. Howlett*, No. 92-CV-1822, 1994 WL 174337, *3 (S.D.N.Y. May 3, 1994) (citing *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958) and *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979)).

Similarly, an adverse inference sanction (or missing witness charge) may also be predicated on a finding of bad faith, intentional misconduct, or fault in the form of gross negligence. *See Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 267–68 (2d Cir. 1999). Additionally, it is

incumbent on the Court to ensure that the disobedient party had notice that its conduct risked dismissal and had an opportunity to be heard.  *See Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing *Spring Valley Water v. Cosco Industries*, No. 91-CV-0410, 1998 WL 466110, *2 (S.D.N.Y. Aug. 10, 1998)).  Non-compliance may be deemed willful "when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control."  *Id.*  In addition, "a party's persistent refusal to comply with a discovery order" presents sufficient evidence of willfulness, bad faith or fault.  *Monaghan v. SZS 33 Associates, L.P.*, 148 F.R.D. 500, 509 (S.D.N.Y.1993) (unexcused failure to comply with two discovery orders warranted dismissal).  Here, as outlined above, Plaintiff failed to seek court intervention to compel compliance with discovery obligations.  Accordingly, Plaintiff may not avail himself to the extreme sanctions he so requests.

Finally, Plaintiff does not make any request to re-open discovery to depose Trail-Trac or Mr. Khan.  The Court will not *sua sponte* re-open discovery at this stage in the litigation, particularly given the costs associated with Defendants having already served their motion for summary judgment.  *See* Text Order, dated April 26, 2024.  Indeed, Plaintiff has not shown good cause for an extension, given his lack of diligence in pursuing these depositions over many months.  *See Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000) (noting that "a finding of 'good cause' depends on the diligence of the moving party."); *see also Sentient Flight Grp., LLC v. Klein*, No. 09-CV-07170 (JSG), 2011 WL 1431987, at *1 (S.D.N.Y. Jan. 6, 2011) ("the Defendant's current predicament was caused by a lack of diligence—the inability to depose witnesses before the dispositive motion deadline and the motion filed by his counsel to withdrawal do not satisfy the good cause standard. The action has been ongoing for over a year and the Defendant had sufficient time to take depositions to support a dispositive motion.").

11

Accordingly, this Court finds that Plaintiff is not entitled to Fed. R. Civ. P. 37(d) sanctions because Plaintiff failed to properly notice depositions. Plaintiff's Motion for Sanctions is denied.[4]

### IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion for Sanctions is **DENIED.**

Dated:  Brooklyn, New York
        June 29, 2024

                                                      **SO ORDERED**.

                                             *s/ Joseph A. Marutollo*
                                            JOSEPH A. MARUTOLLO
                                            United States Magistrate Judge

---

[4] Defendant asserts, *inter alia*, that Plaintiff's requested relief is dispositive in nature—rendering Plaintiff's Motion one "more properly made to the District Judge." Dkt. No. 28, at 2. Because this action was referred to the undersigned for general pretrial management pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), this Court has broad authority to impose discovery sanctions. Orders imposing such sanctions "are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), 'unless the sanction employed disposes of a claim.'" *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2017 WL 3671036, at *16 (S.D.N.Y. July 18, 2017) (quoting *Seena Int'l Inc. v. One Step Up, Ltd.*, 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016)), *report and recommendation adopted*, 2017 WL 4712639 (S.D.N.Y. Sept. 28, 2017). Further, a magistrate judge's authority to order (rather than recommend) a discovery sanction does not depend on the relief requested, but rather depends on the "sanction the magistrate judge actually imposes." *Id*. (quoting 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068.2, at 383 (Thomson Reuters 2014)). Here, this Court's determination does not fully "dispose of a claim or defense." *Seena Int'l*, 2016 WL 2865350, at *11. Accordingly, under the referral for general pre-trial supervision, it is appropriate for this Court to resolve the motion in the first instance in this Opinion and Order. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 353 (S.D.N.Y. 2023) (citing *Lokai Holdings LLC v. Twin Tiger USA LLC*, No. 15-CV-9363 (ALC) (DF), 2018 WL 1512055, at *7 (S.D.N.Y. Mar. 12, 2018).